**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

SANDRA W.,

                Plaintiff,               3:21-CV-599
                                                       (DJS)

   v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**APPEARANCES:**                              **OF COUNSEL:**

LAW OFFICES OF STEVEN DOLSON      STEVEN R. DOLSON, ESQ.
Attorney for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.           CHRISTOPHER L. POTTER, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

     Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a

decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt.

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 4 & General Order 18.

No. 1.  Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings.  Dkt. Nos. 7 & 9.  For the reasons set forth below, the Commissioner's decision is affirmed.  Plaintiff's Motion for Judgment on the Pleadings, therefore, is denied and Defendant's Motion is granted.

## I. RELEVANT BACKGROUND

### A. Procedural History

Plaintiff applied for disability and disability insurance benefits on November 30, 2017.  Dkt. No. 6, Admin. Tr. ("Tr."), p. 87.  Plaintiff alleged disability based upon cardiac impairment, right arm impairment with nerve damage, heart palpitations, dizziness, nerve damage in the right breast, history of brain aneurysm, and chronic pain.  Tr. at p. 77.  She alleged a disability onset date of April 24, 2017.  Tr. at p. 76.  Plaintiff's applications were initially denied in March 2018, after which she timely requested a hearing before an Administrative Law Judge ("ALJ").  Tr. at pp. 87 & 92.  Plaintiff appeared at an administrative hearing before ALJ John P. Ramos on September 10, 2019.  Tr. at pp. 32-50.  Following that hearing, the ALJ issued a partially favorable determination, finding Plaintiff disabled beginning November 26, 2018, but not before that date.  Tr. at pp. 92-102.  Plaintiff appealed that decision, and the Appeals Council ordered the matter remanded.  Tr. at pp. 108-112.  Plaintiff appeared for a new hearing on September 8, 2020, during which testimony was taken from Plaintiff and a vocational expert.  Tr. at pp. 51-75.  On September 25, 2020, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  Tr. at pp. 15-26.  On

2

April 2, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

## B. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2022. Tr. at p. 18. Second, he found that Plaintiff had not engaged in substantial gainful activity since April 24, 2017, her alleged onset date. *Id.* Third, the ALJ found that Plaintiff had the following severe impairment: atrial tachycardia treated with multiple ablations and pacemaker implantation. *Id.* Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 18-19. The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to perform a less than full range of sedentary work because while she can occasionally lift ten pounds, she can only occasionally perform overhead reaching with her right upper extremity. Tr. at p. 19. Next, the ALJ found that Plaintiff could not perform any past relevant work. Tr. at p. 24. Finally, the ALJ went on to find that there was other work existing in significant numbers in the national economy that Plaintiff could perform. Tr. at pp. 24-25. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 25.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that

4

which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B. Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial

gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff alleges that remand is required in this case because the ALJ failed to properly develop the administrative record. Dkt. No. 7, Pl.'s Mem. of Law. Specifically, she claims the ALJ made the RFC finding in this case without the benefit of an adequate medical opinion and was under the obligation to obtain one. *Id.* at pp. 5-6. This is premised on the argument that the medical opinion upon which the ALJ did rely was stale. *Id.* at pp. 6-8. Defendant maintains that the ALJ was under no duty to further develop the administrative record. Dkt. No. 9, Def.'s Mem. of Law at pp. 3-9. The Court finds no error and affirms the Commissioner's decision.

"It is well settled that an ALJ has an affirmative duty to develop the record." *Stratton v. Colvin*, 51 F. Supp. 3d 212, 217 (N.D.N.Y. 2014) (citing *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)). In this regard, the

6

applicable regulations indicate that the Social Security Administration will obtain additional information when insufficient information to make a disability determination is available. *See, e.g.,* 20 C.F.R. § 404.1520b. This does not, however, impose "a limitless duty to develop the record on Plaintiff's behalf." *Rodda v. Colvin*, 2013 WL 6839576, at *5 (N.D.N.Y. Dec. 27, 2013). In a case "where there are no 'obvious gaps' in the record, the ALJ is not required to seek additional information." *Gillard v. Colvin*, 2013 WL 954909, at *2 (N.D.N.Y. Mar. 12, 2013) (citing *Rosa v. Callahan*, 168 F.3d 72, 79 n. 5 (2d Cir. 1999)).

Plaintiff asserts that the ALJ erred in relying on the opinion of Dr. Auerbach because it was stale. Pl.'s Mem. of Law at pp. 6-7. That opinion was issued in March 2018, but Plaintiff maintains that her condition substantially worsened after that date. *Id.* An ALJ's reliance on a stale opinion may impose a duty to further develop the record. *See Maxwell H. v. Comm'r of Soc. Sec.*, 2020 WL 1187610, at *8 (N.D.N.Y. Mar. 12, 2020). "A medical opinion can be found stale if there is evidence that plaintiff's condition changed significantly subsequent to the opinion." *Skibniewski v. Comm'r of Soc. Sec.*, 2020 WL 5425343, at *5 (W.D.N.Y. Sept. 10, 2020); *Schneider v. Comm'r of Soc. Sec.*, 2020 WL 3096979, at *3 (W.D.N.Y. June 11, 2020) ("Significant deterioration or change in a claimant's impairments is thus a necessary factor in finding staleness."). However, "Plaintiff bears the burden at step four and must show that her physical condition deteriorated after the medical opinions were provided."

*Tracy Lynn L. v. Comm'r of Soc. Sec.*, 2021 WL 5851187, at *7 (W.D.N.Y. Dec. 9, 2021).  Plaintiff has not met that burden here.

Plaintiff relies on the fact that at the time of Dr. Auerbach's opinion she had not yet received her pacemaker.  Nor, obviously, did that opinion note subsequent complications regarding that procedure.  Pl.'s Mem. of Law at p. 6.  "The mere passage of time does not render an opinion stale."  *Lamar v. Comm'r of Soc. Sec.*, 2020 WL 548376, at *3 (W.D.N.Y. Feb. 4, 2020).  As such, the fact that there were subsequent medical developments after Dr. Auerbach's opinion was issued does not in and of itself make it stale.

Nor does the record suggest developments post-dating that report rendered it stale.  Evidence that medical records showed an individual to be clinically stable does not support a finding of deterioration.  *Whitehurst v. Berryhill*, 2018 WL 3868721, at *4 (W.D.N.Y. Aug. 14, 2018).  Here, despite the complications with the pacemaker, which the ALJ did specifically reference, Tr. at p. 22, the overall record showed significant evidence that Plaintiff's condition was, at the very least, stable.  As Defendant noted, the ALJ recited at length evidence that demonstrated that Plaintiff's heart condition was doing well, despite some negative findings.  *See* Tr. at p. 22.  That evidence included x-ray findings showing no acute cardiopulmonary disease.  Tr. at pp. 1380 & 1625-26.  During a July 2018 visit to Plaintiff's cardiologist she was found to be doing well.  Tr. at p. 1633.  Plaintiff had benign medical exams with her primary care physician in April, May, and July 2019.  Tr. at pp. 1739-1755.  She had a similar positive examination with

8

her cardiologist in July 2019. Tr. at pp. 1780-1784. She again had visits with her primary care provider that raised no significant issues in March and May 2020. Tr. at pp. 1727-1738.

Plaintiff does not challenge the accuracy of any of these findings by the ALJ. Those findings demonstrate that despite significant cardiac issues Plaintiff often, though not always, presented to providers doing well and with benign test results. Based upon that record, Plaintiff has not shown the type of deterioration in her condition required to establish that Dr. Auerbach's opinion had become stale. *Skibniewski v. Comm'r of Soc. Sec.*, 2020 WL 5425343, at *5; *Schneider v. Comm'r of Soc. Sec.*, 2020 WL 3096979, at *3.

Plaintiff cites to some negative findings in the record, but none are sufficient to show significant deterioration. For example, in February 2020 she was found to have reduced tolerance for exercise and showed fatigue, but an echocardiogram showed normal ventricular functioning at rest and no evidence of exercise stress-induced myocardial ischemia. Tr. at pp. 1704-1705. "When the claimant's cardiologist saw her on June 2, 2020, he noted her pulmonary function test was normal and although she had exertional dyspnea, she had experienced mild improvement. The claimant had no real anginal quality chest pain and only trace lower extremity edema." Tr. at p. 22 (citing Tr. at p. 1704).

Plaintiff also relies on an echocardiogram result in July 2019 as evidence of her worsening condition. Pl.'s Mem. of Law at p. 6. That test showed "significant

deterioration" of her left ventricular ejection fraction ("LVEF").  Tr. at p. 1725.  However, within just a few months of the July exam, Plaintiff was already showing "significant improvement" and her LVEF had "normalized."  Tr. at p. 1797.  In June 2020, Plaintiff's LVEF continued to be well managed with medication.  *Id.*

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. at 153.  The Court will not reweigh the evidence that was before the ALJ.  *Warren v. Comm'r of Soc. Sec.*, 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016), *report and recommendation adopted sub nom.*, 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016); *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).  Here, the record does not establish the type of substantial deterioration necessary to have rendered Dr. Auerbach's findings stale.  The ALJ's conclusions are supported by substantial evidence.  As such, the ALJ appropriately relied upon them and there was no obvious gap in the record that required the ALJ to further develop it.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED** and the Complaint is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: April 14, 2022
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge